THOMASON *v.* CARROLLTON BANK.

ATKINSON, J. A wife interposed a statutory claim to land that was levied upon as property of her husband. A verdict having been returned finding the property subject, the claimant made a motion for new trial, which having been overruled, she excepted. At the trial the claimant relied on a deed from her husband, that was attested by an attorney at law. One ground of the motion for new trial contains the statement that the attorney at law who attested the deed was, at the time he did so, the attorney of the claimant's husband. It also contained statements as to testimony which was conflicting as to whether the attorney in preparing the deed acted as an attorney at law for the husband. There were further statements to the following effect: That the attorney, while being examined as a witness, testified that on request of the claimant's husband while preparing the deed he erased a certain date in the deed and substituted another date; that after the conclusion of the evidence the claimant's counsel moved to exclude the testimony of the attorney on the ground that he was incompetent to testify as to communications between himself and his client, and, if the court should refuse to exclude the testimony, "that he instruct the jury that it was a question for them to decide." whether the attorney "was a competent witness;" that the court did not pass on the motion to exclude the testimony of the attorney, "and in his charge ignored the issue of fact presented by the testimony quoted above" (the testimony as to whether the attorney acted as attorney at law for the husband in preparing the deed). Immediately following this statement

---

Appeal and Error, 3 C. J. p. 971, n. 54; p. 1357, n. 48; p. 1359, n. 52; p. 1370, n. 32; p. 1376, n. 60; p. 1390, n. 7; 4 C. J. p. 1068, n. 16, 22.

was the only assignment of error in this ground of the motion for new trial, which was as follows: "Movant therefore insists that the court erred, insisting that the testimony should have been considered by the jury." *Held:*

1. The assignment of error is too indefinite to raise a question for decision as to refusal to exclude evidence or to failure to instruct the jury.

2. The grounds of the motion for new trial which are not dealt with in the preceding division were not insisted upon in the brief filed by the attorney for the plaintiff in error, and will be treated as abandoned.

*Judgment affirmed. All the Justices concur.*

No. 5022.   JULY 13, 1926.

Claim. Before Judge Irwin. Carroll superior court. June 16, 1925.

*H. C. Strickland,* for plaintiff in error.

*Boykin & Boykin,* contra.